UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANTWAN OWENS,                          :

               Petitioner,        :        13 Civ. 8057 (PAE)(HBP)

   -against-                     :        REPORT AND
                               RECOMMENDATION

NEW YORK STATE PAROLE BOARD,           :

               Respondent.        :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        TO THE HONORABLE PAUL A. ENGELMAYER, United States
District Judge,

I.  Introduction

        By a petition dated July 2, 2013, petitioner seeks a
writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner
is currently in New Jersey state custody pursuant to a judgment
of conviction entered by the State of New Jersey for offenses
committed in New Jersey (the "NJ Conviction").  Petitioner does
not challenge either the NJ Conviction or the resulting sentence.
Rather, at the time that the NJ Conviction was entered, peti-
tioner was under parole supervision in New Jersey as the result

of an earlier conviction in New York State;[1] respondent has

lodged a parole violation warrant with the New Jersey authorities

based on the conduct giving rise to the NJ Conviction, among

other things.  Although the petition is not entirely clear, it

appears that petitioner is seeking to compel respondent either to

dismiss the parole violation warrant or to rule immediately that

the time petitioner has served and continues to serve in connec-

tion with the NJ Conviction will be credited against any sentence

imposed by the New York authorities in connection with the

petitioner's charged violation of parole.[2]  Petitioner is not

seeking his immediate release from custody.

---

[1]Although the period of parole supervision in issue resulted
from a conviction in New York, supervision had been transferred
to New Jersey pursuant to the Interstate Compact for Adult
Offender Supervision.  See N.Y. Exec. Law § 259-mm.

[2]Petitioner's prayer for relief provides:

> For the reasons set forth [above] petitioner['s]
> habeas corpus petition should be granted.  And all time
> he has served in the State of New Jersey as well as the
> time he continued to report while out on bail for the
> New Jersey indictment [sic].  The Executive Department
> has failed to respond or refused same [sic].
> Therefore, the revocation should be dismissed; in the
> alternative, all time served since petitioner's release
> from New York [D]epartment of Corrections, the transfer
> of the Parole to the State of New Jersey, to the very
> day he submits this petition moving forward [sic].  Any
> other relief this Court deems just and equitable
> according to law [sic].

(Petition (Docket Item 1) at 12).

By notice of motion dated March 26, 2013 (Docket Item 17), respondent moves to dismiss the petition for failure to exhaust the remedies available to petitioner in state court.

For the reasons set forth below, I respectfully recommend that respondent's motion be granted and that the petition be dismissed.

II.  Facts

The material facts are not in dispute.

On June 6, 2007, based on his plea of guilty to criminal possession of a weapon in the second degree, petitioner was sentenced by the New York State Supreme Court to a determinate sentence of three and one-half years imprisonment to be followed by a five-year term of post-release supervision (State Record at SR-001, attached to the Declaration of Michelle Maerov, dated Mar. 26, 2014 (Docket Item 18) ("State Record")).  Petitioner was released from custody on May 1, 2009 and began his period of parole (State Record at SR-002).  On or about July 20, 2009, petitioner's supervision was transferred to the State of New Jersey at petitioner's request; the documents memorializing the transfer of jurisdiction noted that petitioner's family members resided in New Jersey and that the transfer would facilitate

their providing petitioner with financial support and a residence
(State Record at SR-003 - SR-006).

Petitioner was arrested in Atlantic City, New Jersey on
September 4, 2009 for criminal possession of a controlled sub-
stance in violation of New Jersey's state laws.  Petitioner
posted bail and was released.  Although the New York Division of
Parole was advised of the arrest, it determined not to commence
violation proceedings until the charges resulting from the
September 4 arrest were resolved (State Record at SR-007 - SR-
011).

While the charges resulting from the September 4 arrest
were still pending, petitioner was arrested again in New Jersey
on July 31, 2010 for stealing a wallet and using stolen credit
cards.  The New York Division of Parole was also advised of this
arrest, and, again, it determined not to commence any delinquency
proceeding pending resolution of the New Jersey charges resulting
from the July 31, 2010 arrest (State Record at SR-012).

As the result of a plea bargain with the New Jersey
state authorities, petitioner plead guilty to a New Jersey state
narcotics offence in December 2010 in satisfaction of the charges
resulting from the 2009 and 2010 arrests.  Pursuant to the plea
bargain, petitioner was sentenced to a six-year term of imprison-
ment (the NJ Conviction) (State Record at SR-014 - SR-016).  As a

result of this conviction, the New York authorities lodged a

parole violation warrant with New Jersey on September 7, 2011

(State Record at SR-013, SR-017).  Respondent recommended that

petitioner be declared delinquent as of September 4, 2009 (the

date of petitioner's first New Jersey arrest) and that he be

returned to New York when available (Maerov Decl. Ex. SR-017).

Petitioner appears to be claiming that the NJ Convic-

tion not only satisfied all the charges pending against him in

New Jersey, but that it also satisfied any parole violation that

could be filed against him.  In substance, I understand peti-

tioner to be seeking a declaration to that effect and/or a ruling

that all time spent in custody in New Jersey as a result of the

NJ Conviction will be credited against any sentence imposed on

petitioner by respondent for violating the terms of his parole.

III.  Analysis

Although the petition presents a number of serious

questions concerning the merits of petitioner's claim -- includ-

ing, among other things, whether petitioner has alleged the

violation of a clearly established federal right -- respondent

seeks dismissal solely on the ground that petitioner has failed

to exhaust his state remedies (Memorandum of Law in Support of

Respondent's Motion to Dismiss, dated Mar. 26, 2014 (Docket Item

19) at 3-6).   Accordingly, I limit my analysis to that issue.

> If anything is settled in habeas corpus jurispru-
> dence, it is that a federal court may not grant the
> habeas petition of a state prisoner "unless it appears
> that the applicant has exhausted the remedies available
> in the courts of the State; or that there is either an
> absence of available State corrective process; or the
> existence of circumstances rendering such process
> ineffective to protect the rights of the prisoner."  28
> U.S.C. § 2254(b)(1).

Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001); accord Shabazz

v. Artuz, 336 F.3d 154, 160 (2d Cir. 2003).   Exhaustion requires

that a petitioner utilize "all available mechanisms to secure

appellate review of the denial of [his] claim," Klein v. Harris,

667 F.2d 274, 282 (2d Cir. 1981), including all discretionary

appeals.   28 U.S.C. § 2254(c); Picard v. Connor, 404 U.S. 270,

275-76 (1971); Daye v. Attorney Gen., 696 F.2d 186, 190 n.3 (2d

Cir. 1982) (en banc).   A habeas petitioner must also fairly

present his claim to the state courts in a manner sufficient to

give notice of the federal nature of his claim.   Baldwin v.

Reese, 541 U.S. 27, 29 (2004); Carvajal v. Artus, 633 F.3d 95,

104 (2d Cir. 2011); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.

1994).

Petitioner here appears to be attacking the failure of

the Division of Parole to render a decision awarding him credit

for the time served in connection with the NJ Conviction against

any sentence of incarceration that might be imposed on him for violating the conditions of his parole.  Such a claim is cognizable in New York's state courts through an action brought under Article 78 of New York's Civil Practice Law and Rules. People ex rel. South v. Hammock, 80 A.D.2d 947, 948, 438 N.Y.S.2d 34, 35-36 (3rd Dep't), appeal dismissed, 53 N.Y.2d 938 (not reported elsewhere) (1981) ("[W]here, as here, an incarcerated petitioner does not seek release from confinement, but, rather, a determination that he is entitled to parole status because of the failure of the Parole Board to carry out a statutory mandate, the wrongfully brought writ [of habeas corpus] may be converted to an article 78 proceeding to decide the validity of such contention."); accord People ex rel. Brown v. N.Y. State Div. of Parole, 70 N.Y.2d 391, 398, 521 N.Y.S.2d 657, 660, 516 N.E.2d 194, 197 (1987); Soto v. N.Y. State Bd. of Parole, 107 A.D.2d 693, 695, 484 N.Y.S.2d 49, 50 (2d Dep't), aff'd, 66 N.Y.2d 817, 489 N.E.2d 250, 498 N.Y.S.2d 363 (1985); Lublin v. State, 135 Misc. 2d 419, 420, 515 N.Y.S.2d 385, 386-87 (N.Y. Ct. Cl.), aff'd, 135 A.D.2d 1155, 523 N.Y.S.2d 21 (1st Dep't 1987), leave to appeal denied, 71 N.Y.2d 802, 522 N.E.2d 1066, 527 N.Y.S.2d 768 (1988).

It is undisputed that petitioner has never attempted to commence an Article 78 proceeding to remedy what he perceives to

be respondent's error.  Accordingly, he has not exhausted his state remedies, and federal habeas relief is, therefore, unavailable.  See Rose v. Coughlin, 86 Civ. 7797 (RWS), 1986 WL 14298 at *1 (S.D.N.Y. Dec. 4, 1986) (Sweet, D.J.).

Petitioner claims that he satisfied the exhaustion requirement by writing to the Division of Parole and requesting a parole revocation hearing (Reply to Respondent's Answer to the Writ of Habeas Corpus, dated Apr. 1, 2014 (Docket Item 20) at 7).  As noted above, Section 2254(b)(1) provides that federal habeas relief cannot be granted unless it appears that the applicant "has exhausted the remedies available in the courts of the State . . ." (emphasis added).  The statute clearly requires exhaustion of available judicial remedies.  Because petitioner cannot identify any efforts to utilize judicially created remedies, he has not complied with the exhaustion requirement.

Finally, there is no basis for staying this proceeding while petitioner exhausts his state remedies.  Stays to permit exhaustion of unexhausted claims are appropriate when a habeas petitioner presents a mixed petition containing both exhausted and unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 271 (2005).  The petition here contains no exhausted claims and is not "mixed."  In addition, the rationale underlying the stay and abeyance procedure endorsed in Rhines lies in the one-year

8

limitations period applicable to habeas corpus petitions; the
Court in <u>Rhines</u> recognized that, without a stay, the short
limitations period would frequently operate to bar adjudication
of habeas petitions on the merits if a petition were dismissed
while state remedies were exhausted.  <u>See</u> <u>Rhines v. Weber</u>, <u>supra</u>,
544 U.S. at 275.  In this case, there is no final state decision
(indeed, there is no state court decision of any kind), and,
thus, the limitations period has not even begun to run.  Accord-
ingly, the rationale for the stay and abeyance procedure is
inapplicable here.[3]

IV.  <u>Conclusion</u>

        Accordingly, for all the foregoing reasons, I respect-
fully recommend that respondent's motion to dismiss (Docket Item
17) be granted and the petition be dismissed.

        In addition, because petitioner has not made a substan-
tial showing of the denial of a constitutional right, I also
recommend that a certificate of appealability not be issued.  28
U.S.C. § 2253.  To warrant the issuance of a certificate of
appealability, "petitioner must show that reasonable jurists
could debate whether . . . the petition should have been resolved

---

[3]Because I need not do so, I express no opinion on the
merits of petitioner's claim.

9

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (citation and internal quotation marks omitted; alteration in original); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam).  For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that petitioner has failed to exhaust his state remedies and that federal habeas corpus relief is, therefore, not available.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable

Paul A. Engelmayer, United States District Judge, 40 Centre Street, Room 2201, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Engelmayer.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
       June 4, 2014

                             Respectfully submitted,

                             HENRY PITMAN
                             United States Magistrate Judge

Copies mailed to:

Mr. Antwan Owens
SBI No. 350932-C
Mid-State Correctional Facility
P.O. Box 866
Wrightstown, New Jersey  08562

11

```
Michelle Maerov, Esq.
Assistant Attorney General
State of New York
24th Floor
120 Broadway
New York, New York  10271
```

12

```
Michelle Maerov, Esq.
Assistant Attorney General
State of New York
```