UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ANTWAN OWENS,                                                           :
                                                                        :
                                       Petitioner,                      :        13 Civ. 8057 (PAE) (HBP)
                                                                        :
             -v-                                                        :           ORDER ADOPTING
                                                                        ::              REPORT &
NEW YORK STATE PAROLE BOARD,                                            :        RECOMMENDATION
                                                                        :
                                       Respondent.                      :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2014

PAUL A. ENGELMAYER, District Judge:

*Pro se* prisoner Antwan Owens ("Owens"), currently serving a term of imprisonment in New Jersey, following a conviction for crimes committed in New Jersey while on parole in connection with an earlier conviction in New York, brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (the "Petition"). In the Petition, Owens does not appear to challenge his New Jersey conviction, nor does he seek release from New Jersey state custody. Rather, he seeks to have the time he is currently serving in New Jersey state prison credited toward any sentence imposed for violation of his New York parole. Respondent New York State Parole Board (the "Parole Board") moves to dismiss the Petition on the sole ground that Owens failed to exhaust all available state remedies. Before the Court is the June 4, 2014 Report and Recommendation of Magistrate Judge Henry B. Pitman (the "Report"), recommending that the Court dismiss the Petition as procedurally barred. Dkt. 23. For the reasons that follow, the Court adopts the Report in full.

1

I.      **Background**[1]

      A.      **Facts**

On June 6, 2007, following a plea of guilty to criminal possession of a weapon in the second degree in New York State Supreme Court, Owens was sentenced to three and one-half years' imprisonment, to be followed by a five-year term of post-release supervision. On May 1, 2009, Owens was released from New York state custody and began his period of parole. On or about July 20, 2009, supervision of Owens' parole was transferred to the State of New Jersey.

On September 4, 2009, Owens was arrested in Atlantic City, New Jersey for criminal possession of a controlled substance with intent to distribute. The New York Division of Parole was advised of the arrest, but did not immediately commence parole violation proceedings. On July 31, 2010, while the charges resulting from the 2009 arrest were still pending, Owens was arrested again in New Jersey for stealing a wallet and using stolen credit cards. The New York Division of Parole was also advised of this arrest, and again determined not to commence parole violation proceedings.

In or around December 2010, Owens pled guilty in the Superior Court of New Jersey to possession of heroin with intent to distribute, in satisfaction of the charges resulting from both the 2009 and 2010 arrests. Owens was later sentenced to a six-year term of imprisonment. On September 7, 2011, following the entry of conviction against Owens in New Jersey, the New York State Division of Parole lodged a parole violation warrant with New Jersey. The Division of Parole recommended that Owens be declared delinquent as of September 4, 2009 (the date of his first New Jersey arrest) and that he be returned to New York when available.

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which the parties do not object.

B.      **Procedural History**

On July 9, 2013, Owens, proceeding *pro se*, filed the Petition in the U.S. District Court

for the Eastern District of New York.  Dkt. 1.  The Petition challenges, on due process grounds,

the Parole Board's failure to conduct a parole revocation hearing in Owens' case.  In essence, the

Petition "appears to be attacking the failure of the Division of Parole to render a decision

awarding him credit for the time served in connection with the NJ Conviction against any

sentence of incarceration that might be imposed on him for violating the conditions of his

parole."  Report at 6–7.

On November 13, 2013, this case was transferred to the Southern District of New York,

Dkt. 6, and on January 7, 2014, it was assigned to my docket.  On March 6, 2014, the Parole

Board requested—and the Court granted—leave to file a motion to dismiss the petition.  Dkt. 12.

On March 10, 2014, the Court referred the case to Magistrate Judge Pitman for general pretrial

supervision and for the preparation of a Report & Recommendation.  Dkt. 13.

On March 27, 2014, the Parole Board filed a motion to dismiss the Petition, Dkt. 17, and

supporting memoranda of law, Dkt. 19.  The Parole Board seeks dismissal of the Petition on the

ground that Owens failed to raise these claims in New York State court, and thus failed to

exhaust his available state remedies.  On April 4, 2014, Owens filed papers in opposition.  Dkt.

20.  The Parole Board did not file a response.

On June 4, 2014, Judge Pitman issued the Report, recommending that the Petition be

dismissed for failure to exhaust.  Specifically, the Report held that Owens' due process claims is

cognizable in New York state court through an Article 78 proceeding, and it is undisputed that

Owens failed to initiate such a proceeding to remedy the perceived due process violation.

Accordingly, the Report held, Owens "has not exhausted his state remedies, and federal habeas

relief is, therefore, unavailable."  Report at 8.  In so holding, Judge Pitman rejected Owens'

claim that he had satisfied the exhaustion requirement by writing to the Division of Parole and

requesting a parole revocation hearing, reasoning that such correspondence is insufficient to

satisfy § 2254(b)(1)'s requirement that the applicant exhaust "the remedies available *in the*

*courts of the State*."  *Id.*  The Report also recommending denying the request for a certificate of

appealability, on the ground that Owens had not made a substantial showing of the denial of a

constitutional right.  *Id.* at 9 (citing 28 U.S.C. § 2253).

On June 23, 2014, Owens filed an objection to the Report.[2]  Dkt. 24 ("Obj.").  The

Court's records do not reflect that the Parole Board filed either objections to the Report or a

response to Owens' objections.

## II.     Discussion

### A.      Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed.

R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However,

when the objections simply reiterate previous arguments or make only conclusory statements, the

Court should review the report for clear error.  *See Genao v. United States*, No. 08 Civ. 9313

(RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge*, 646 F. Supp. 2d 534,

539 (S.D.N.Y. 2009) (collecting cases).

---

[2] The Report was issued on June 4, 2014; accordingly, objections to the Report were due two weeks later—on June 18, 2014.  However, Owens states that he did not receive the Report until June 14, 2014.  Accordingly, the Court will treat his objections, which were filed on June 23, 2014, as timely.

### B.      Objections to the Report

Owens raises a single objection to the Report.  He argues that he had contacted the Parole

Board via First-Class mail request to resolve the parole revocation matter, but the Parole Board

never responded; thus, he had no decision of the Parole Board to appeal, and was left without an

"available State corrective process."  Obj. at 2.  This objection, however, merely restates an

identical argument made before Judge Pitman.  *See* Dkt. 20 at 7.  The Report considered this

argument, and concluded that informal communications to the Parole Board are insufficient to

satisfy §2254(b)(1)'s exhaustion requirement.  *See* Report at 8 ("Petitioner claims that he

satisfied the exhaustion requirement by writing to the Division of Parole and requesting a parole

revocation hearing[.] . . . Because petitioner cannot identify any efforts to utilize judicially

created remedies he has not complied with the exhaustion requirement.").  The Court finds no

error, let alone clear error, in this conclusion.

In any event, there is nothing about the Parole Board's failure to respond to Owens'

letters that prevented him from initiating an Article 78 proceeding or filing a state habeas petition

in New York state court.  And it is Owens' failure to initiate an Article 78 proceeding or to file a

state habeas petition that precludes him from seeking federal habeas relief.  *See, e.g.*, *Rose v.

Coughlin*, No. 86 Civ. 7797 (RWS), 1986 WL 14298, at *1 (S.D.N.Y. Dec. 4, 1986).  It is simply

untrue that the Parole Board's failure to respond to Owens' letters left him without an available

State corrective process.  *See* 28 U.S.C. § 2254(b)(1).  Owens simply failed to take advantage of

the formal state procedures for challenging his parole status in New York state court, and thus

failed to exhaust all available remedies.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full. The Petition and the

application for a certificate of appealability are both denied.  The Clerk is directed to terminate

the motion pending at Dkt. 17, and to close this case.


SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge


Dated: September 24, 2014
       New York, New York